IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHEROSCO BREWER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:24-cv-2305-SHL-atc |
| ) | |
| WARDEN HARRISON, ) | |
| Respondent. ) | |

**ORDER DENYING PETITIONER'S MOTION FOR CLARIFICATION OF SENTENCE CONCERNING FIRST STEP ACT TIME CREDITS**

Petitioner Cherosco Brewer is a federal inmate confined at the Federal Correctional Institute—Memphis. (ECF No. 1 at PageID 1.) This matter came before the Court on his pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, in which he asserted four different violations of his Eighth Amendment rights due to allegedly harmful conditions in his cell. (Id. at PageID 3–4.) Since petitioning the Court, Brewer filed a Motion for Clarification of Sentence Concerning First Step Act Time Credits.[1] (ECF No. 5.) Warden Harrison did not file a response. Because Brewer is ineligible for earned time credits under the FSA, his motion is **DENIED**.

**BACKGROUND**

A grand jury in the Western District of Kentucky indicted Brewer on four different

---

[1] Brewer seemingly exhausted his administrative remedies prior to filing his motion. He attempted to informally resolve this dispute with his Correctional Counselor, who informed him that he was ineligible to receive time credits. (ECF No. 5-1 at PageID 30.) He then filed a formal Request for Administrative Remedy with Warden Harrison, who confirmed his ineligibility. (Id. at PageID 26, 29.) He appealed Harrison's decision to the Administrative Remedy Coordinator in the Mid-Atlantic Regional Office, and he appealed the Regional Director's decision to the National Inmate Appeals Office. (ECF No. 5-1 at PageID 25, 27.) He brings this motion as a last resort.

counts. (Case No. 3:17-cr-00037 ("Kentucky Case"), ECF No. 1 at PageID 1–3.) Count One charged him with being a five-time convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1); Count Two charged him with possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); Count Three charged him with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and Count Four charged him with possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (Id.) A jury convicted him on all counts. (Kentucky Case, ECF Nos. 143, 147.)

The Kentucky court sentenced Brewer to serve concurrent terms of sixty months as to Count Two and 180 months as to Counts One and Four. (Kentucky Case, ECF No. 242 at PageID 2335.) Because of § 924(c)'s prohibition on concurrent sentences, the court sentenced him to a consecutive sixty-month term as to Count Three. (Id.) His total term of imprisonment is 240 months. (Id.) He now asks this Court to clarify whether he is eligible to receive time credits reducing his total sentence under the First Step Act.[2] (ECF No. 5.)

## LAW

The First Step Act rewards prisoners who participate in recidivism reduction programs. See generally Pub. L. No. 115-319, 132 Stat. 5194 (2018). A prisoner who successfully completes a program "shall earn 10 days of time credits for every 30 days of successful participation" in the programming. 18 U.S.C. § 3632(d)(4)(A)(i). These time credits can be used to reduce time in custody or on supervised release. § 3632(d)(4)(C). But not all prisoners are eligible. § 3632(d)(4)(A). A prisoner serving a sentence for a conviction under 18 U.S.C. §

---

[2] Brewer filed an identical motion in his criminal case. (Kentucky Case, ECF No. 399.) It is still pending as of the date of this order.

2

924(c) cannot receive time credits under the FSA.  § 3632(d)(4)(D)(xxii).

This exclusion applies even when the prisoner is serving an additional sentence for a conviction that would not disqualify him.  Keeling v. Lemaster, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023).  Multiple terms of imprisonment, whether served consecutively or concurrently, are not considered "separate and distinct" from each other.  Id.  Instead, they are treated "as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c).  Thus, the BOP cannot sever an ineligible sentence from an eligible one, and neither can a court.  Keeling, 2023 WL 9061914, at *1 (holding that the district court properly denied time credits by refusing to treat a defendant's sentence under § 924(c) as separate from his other sentences).  A defendant's § 924(c) sentence disqualifies him from receiving time credits under the FSA for his entire term of imprisonment.  Id.

## ANALYSIS

Brewer argues that the BOP improperly denied him time credits under the FSA.  (ECF No. 5 at PageID 22.)  He acknowledges that he cannot receive time credits for his § 924(c) sentence, but he asserts that he completed that sixty-month sentence and should therefore be able to earn time credits for his remaining term of imprisonment.  (Id. at PageID 23.)  In every response to Brewer's repeated administrative appeals, the BOP explained that his § 924(c) sentence precludes him from receiving time credits and that this "preclusion applies to [his] entire commitment, not the individual terms of imprisonment."  (Id. at PageID 25.)  Brewer now contends that the BOP is treating his § 924(c) conviction as concurrent to his other sentences because it refuses to consider it as severable.  (Id. at PageID 22.)

The BOP is correct.  Even though Brewer's sentence under § 924(c) runs consecutive to his other sentences, his total 240-month term of imprisonment is considered one single term.

The Court cannot treat his sixty-month sentence for Count 3 as separate and distinct from his sixty-month sentence for Count 2 or his 180-month sentence for Counts 1 and 4.  See Keeling, 2023 WL 9061914, at *1.  Because he is serving a sentence for a § 924(c) conviction, he is ineligible to receive time credits for his entire term of imprisonment, regardless of whether his § 924(c) sentence only constitutes a portion of his total term.

Brewer may disagree with this approach, but it makes sense.  A defendant serving multiple terms of imprisonment does not necessarily serve a particular term first.  While it may be in Brewer's best interest to argue that the time he has already served satisfies his sentence for Count Three, that time could just as well go towards his sentence for Count Two.  Even if the Court could treat his sentences as distinct from one another, it would be impossible to determine which sentence Brewer started serving first.  Regardless, the Court cannot and will not do so.

## CONCLUSION

Because Brewer's § 924(c) conviction disqualifies him from receiving time credits under the FSA for his entire 240-month term of imprisonment, his motion is **DENIED**.

**IT IS SO ORDERED,** this 21st day of November, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE