# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHEROSCO BREWER, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-2305-SHL-atc |
| | ) | |
| WARDEN HARRISON, | ) | |
|    Respondent. | ) | |

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Before the Court is Petitioner Cherosco Brewer's motion for the Court to reconsider its order dated November 21, 2024. (ECF No. 9.) Warden Harrison has not responded. Because the authority that Brewer cites does not affect the Court's decision, his motion is **DENIED**.

Brewer requested clarification as to whether he is eligible for time credits under the First Step Act. (ECF No. 5.) The Bureau of Prisons repeatedly refused to grant him any credits because he is serving part of his sentence for a conviction under 28 U.S.C. § 924(c), and a prisoner serving a sentence for a conviction under § 924(c) cannot receive time credits under the FSA. § 3632(d)(4)(D)(xxii). This exclusion applies even when the prisoner is serving an additional sentence for a conviction that would not disqualify him. Keeling v. Lemaster, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). Multiple terms of imprisonment, whether served consecutively or concurrently, are treated "as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Relying on Keeling and § 3584(c), the Court agreed with the BOP and confirmed that Brewer's conviction under § 924(c) makes him ineligible for credits for his entire 240-month term of imprisonment, even though his sentence under § 924(c) is only comprised of sixty months. (ECF No. 8 at PageID 38–39.)

Brewer now asks the Court to reconsider its decision. Brewer asserts that the Court erroneously relied on Keeling because it was decided before the Supreme Court overturned Chevron deference in Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412–13 (2024). (ECF No. 9 at PageID 40.) But neither the Keeling court nor this Court deferred to the BOP's interpretation of a statute under Chevron. The statute itself says that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment," 18 U.S.C. § 3584(c), and that language serves as the basis for the decision in Keeling, 2023 WL 9061914, at *1. Loper Bright has no effect here. Thus, Brewer's motion is **DENIED**.

Brewer also reminds the Court of his original petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he asserted various violations of his Eight Amendment rights at FCI-Memphis. (ECF No. 9 at PageID 42.) He states that "mold is everywhere," he has no heat in his cell, and "it is literally freezing outside." (Id.) The Court is evaluating Brewer's petition and appreciates his patience.

**IT IS SO ORDERED,** this 29th day of January, 2025.

                                         s/ Sheryl H. Lipman  
                                         SHERYL H. LIPMAN  
                                         CHIEF UNITED STATES DISTRICT JUDGE